IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA MUNICIPAL ) <br> INSURANCE CORPORATION, a ) <br> non-profit corporation, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> MUNICH REINSURANCE ) <br> AMERICA, INC., a foreign ) <br> corporation, ) <br> ) <br>     Defendant. ) | CIVIL ACTION NO. <br> 2:20cv300-MHT <br> (WO) |

ORDER

This case is now before the court on plaintiff Alabama Municipal Insurance Corporation (AMIC)'s motion to certify to the Alabama Supreme Court the question of whether Alabama recognizes the tort of bad faith in the reinsurance context.  Alabama law allows "any of the federal courts" to certify a question of state law to the Alabama Supreme Court.  Ala. R. App. P. 18(c).  However, certification is not obligatory, even if the state law is unsettled--the choice always rests "in the sound discretion of the federal court."  *Lehman Bros.*

*v. Schein*, 416 U.S. 386, 391 (1974). And certification should never be "automatic or unthinking." *Royal Capital Dev., LLC v. Maryland Cas. Co.*, 659 F.3d 1050, 1055 (11th Cir. 2011). Instead, the court should consider a number of factors, including how close the question is, whether there are sufficient sources of state law for the court to rely upon, the degree to which considerations of comity are relevant, and practical issues, including the possibility of delay. *See Florida ex rel. Shevin v. Exxon Corp.*, 526 F.2d 266, 274-75 (5th Cir. 1976).[*]

Here, the court finds that certification would be neither necessary nor appropriate. When it held "that the Alabama Supreme Court would not extend the tort of bad faith to the reinsurance context," *Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, No.

---

[*] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

2:20cv300-MHT, 2021 WL 981495, at *2, --- F.Supp.3d ----, ---- (M.D. Ala. Mar. 16, 2021), this court had plenty of sources of state law on which to rely, including a number of prior Alabama Supreme Court decisions construing the tort of bad faith. Nor was it a close question. The Alabama Supreme Court has repeatedly emphasized that application of the tort should be limited, and this court is confident that the state supreme court would not choose to extend the tort to the reinsurance context. Certifying the question now would not save the court or the parties any time, energy, or resources. Quite the opposite--it would delay the case further, preventing the court from moving forward in its consideration of the remaining claims.

The court is particularly unwilling to grant AMIC's request to certify at this point in the litigation, after the company's tort of bad faith claims have already been dismissed. As other circuits have noted,

"The practice of requesting certification after an adverse judgment has been entered should be discouraged," lest the federal court's decision become "nothing but a gamble with certification sought only after an adverse decision."  *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987); *see also City of Columbus v. Hotels.com, L.P.*, 693 F.3d 642, 654 (6th Cir. 2012) (listing cases).  The court will not allow AMIC "a second chance at victory" on a motion to certify filed only after the court had already carefully considered the relevant state law and made an informed judgment.  *In re McLinn*, 744 F.2d 677, 681 (9th Cir. 1984).

***

Accordingly, it is ORDERED that plaintiff Alabama Municipal Insurance Corporation's motion to certify (Doc. 32) is denied.

4

It is further ORDERED that the plaintiff's motion to stay discovery (Doc. 39) is denied as moot.

DONE, this the 12th day of April, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE