IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ALABAMA MUNICIPAL ) | |
| INSURANCE CORPORATION, a ) | |
| non-profit corporation, ) | |
|                          ) | |
|     Plaintiff,           ) | |
|                          ) | CIVIL ACTION NO. |
|     v.                   ) | 2:20cv300-MHT |
|                          ) | (WO) |
| MUNICH REINSURANCE       ) | |
| AMERICA, INC., a foreign ) | |
| corporation,             ) | |
|                          ) | |
|     Defendant.           ) | |

OPINION AND ORDER

This case comes before the court on defendant Munich Reinsurance America, Inc's motion for leave to file an amended answer. Plaintiff Alabama Municipal Insurance Corporation (AMIC) sued Munich regarding agreements, which the parties call "treaties," that Munich allegedly breached by failing to pay certain reinsurance billings. *See Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, --- F. Supp. 3rd ----, 2021 WL 981495 (M.D. Ala. 2021) (Thompson, J.) (discussing case in more detail). One of the questions

at issue in the complaint, and therefore central to the case, involves the allocation of certain bills across the parties' various agreements. Munich thus seeks to assert a counterclaim regarding the parties' rights under the relevant treaties. As AMIC notes, Munich's answer "addressed these same facts but did not assert a counterclaim for declaratory relief." Pltf.'s Resp. (Doc. 47) at 2. Munich now moves to assert the counterclaim (which AMIC argues is compulsory) by amendment.[1] For the reasons discussed below, Munich's motion for leave to amend is due to be granted.

Amendments to pleadings to add a counterclaim are governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 13, Advisory Committee Notes, 2009 Amendments ("An amendment to add a counterclaim will be governed by Rule 15.");[2] *Zirnis v. Huntsville City Bd.*

---

1. Munich appears not to contest AMIC's characterization of the counterclaim as compulsory.

2. Until the 2009 Amendments to the Federal Rules, Rule 13(f) governed the amendment of a pleading to add a counterclaim. *See* Fed. R. Civ. P. 13, Advisory

2

*of Educ.*, 2019 WL 2501956 at *1 (N.D. Ala. June 17, 2019) (Kallon, J.).

Under Rule 15(a)(2), once the time to amend as a matter of course has expired, a party may amend only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). In the instant case, Munich seeks the court's leave to amend. The decision whether to grant leave to amend a pleading is "committed to the sound discretion of the trial court," *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989), and Rule 15 urges that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2)*.* The Eleventh Circuit has therefore "accepted a policy of liberal amendment." *U.S. for Use & Benefit of Krupp Steel*

---

Committee Notes, 2009 Amendment. Although such amendments are now governed by Rule 15, the underlying standard has not substantially changed: Rule 13(f) was "administered ... according to the same standard [in Rule 15(a)(2)] directing that leave should be freely given when justice so requires." *Id.*; *see, e.g.*, *Vulcan Mktg., Inc. v. Tech. Consumer Prod., Inc.*, 614 F. Supp. 2d 1253, 1256 (N.D. Ala. 2009) (Acker, J.).

*Prod., Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987). Still, a motion to amend may be denied on several grounds, including undue delay, prejudice to the opposing party, and futility. *See, e.g.*, *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

Here, AMIC's primary argument is that a compulsory counterclaim is waived if not included in the answer; that is, it suggests that a compulsory counterclaim cannot be added if not initially raised. Rule 13(a) does provide that a pleading "must" state compulsory counterclaims, Fed. R. Civ. P. 13(a)(1), and "the consequence for failing to assert a compulsory counterclaim is a bar against the assertion of that claim in any other action." *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 380 (S.D. Ala. 2016) (DuBose, J.). But this bar applies mainly to *subsequent* litigation. *See, e.g., Spartan Grain & Mill*

4

*Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir. 1975);[3] *Byker v. Smith*, 2019 WL 4408445 at *7 (N.D. Ala. June 17, 2019) (Ott, M.J.) ("[U]nder Rule 13(a), the failure to raise a compulsory counterclaim *in one lawsuit* will generally cause that claim to be barred in a *later-filed lawsuit*."). Indeed, "[t]he argument for allowing amendment is especially compelling when, as here, the omitted counterclaim is compulsory" and thus cannot be asserted in a future case. *Spartan Grain & Mill Co.*, 517 F.2d at 220 (internal citation omitted). Unsurprisingly, courts in the Eleventh Circuit liberally allow amendment of pleadings to add compulsory counterclaims. *See, e.g.*, *Zirnis*, 2019 WL 2501956 at *2 (allowing amendment to add compulsory counterclaims under Rule 15(a)); *Parke v. Glover*, 2009 WL 4016425, at *2 (S.D. Ala. Nov. 18, 2009) (Steele,

---

3. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

J.) (allowing amendment under Rule 13(f)); *see also Univalor Tr., SA*, 315 F.R.D. at 380 (describing standards for amendment under Rule 15(a)).[4]

---

4. AMIC also argues that, because it cannot be added as an amendment, the relevant counterclaim must be added as a *supplemental* counterclaim. Pltf.'s Resp. (Doc. 47) at 3. AMIC then argues that Munich has not met its burden to justify the allowance of a supplemental pleading. *See id.* But even if the proposed counterclaim is, in part, a supplemental pleading, the motion for leave to file is due to be granted.

Supplemental pleadings are governed by Rule 15(d), under which courts have ensured "the liberal allowance of ... supplements to the pleading." *Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000). As this court has noted, motions to supplement pleadings are treated much like motions to amend: "the court's discretion is broad, and ... that discretion should be exercised liberally ...." *W. Alabama Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016) (Thompson, J.).

Here, at least one component of the proposed counterclaim satisfies the requirements of Rule 15(d): it occurred after the filing of the relevant pleading and bears a close relation to AMIC's original claims. *See id.*; *see also* Fed. R. Civ. P. 15(d) (requiring that supplementation be based on an event that happened after the date of the pleading to be supplemented). And the other questions guiding district courts considering supplemental pleadings--futility, prejudice, unreasonable delay--are the same as the court's amendment inquiry. *See W. Alabama Women's Ctr.*, 318 F.R.D. at 148. Accordingly, to the extent

Accordingly, the relevant question is whether, under Rule 15(a)(2), "justice ... requires" granting Munich leave to amend its answer. The court finds that it does. Allowing the amendment will facilitate the efficient resolution of the underlying claims (including as to issues that Munich may be unable to raise outside of this case) in a single proceeding. *See, e.g.*, *T. J. Stevenson & Co. v. 81,193 Bags of Flour*, 629 F.2d 338, 370 (5th Cir. 1980) ("To disallow a compulsory counterclaim would enable the opposing party to bar recovery in a later suit ...."); *Byker*, 2019 WL 4408445 at *7 ("[T]he fact that a proposed counterclaim would be compulsory under Rule 13(a) tends

---

necessary, the court construes Munich's motion as both a motion to amend and a motion to supplement. *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed.) ("[T]he distinction between amended and supplemental pleadings is sometimes ignored completely. Inasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention to the formal distinction between amendment and supplementation is of no consequence.").

7

to cut *in favor* of granting leave to amend because the claim may otherwise be precluded if refiled in another action.").

Moreover, AMIC did not raise any concerns regarding delay or prejudice, and any such argument would have been unavailing. The deadline for amending pleadings has not yet passed; discovery will not be complete for nearly a year. *See* Uniform Scheduling Order (Doc. 44). There is also no indication of gamesmanship or purposeful delay, as the policy underpinning the proposed counterclaim was apparently provided to Munich recently. *See* Motion for Leave to Amend (Doc. 45) at 3. And, finally, "the mere passage of time without more is an insufficient reason to deny a motion to amend." *Uter v. Peacock*, 2005 WL 8158698 at *2 (S.D. Ala. Apr. 28, 2005) (Butler, J.).[5]

---

5. The short delay at issue here does not rise to the level at which the Eleventh Circuit has denied leave to amend. *See, e.g.*, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (noting that "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and

Given Rule 15(a)'s liberal standard, the close relation between the proposed counterclaim and the facts already at issue in the case, and the lack of any substantial reason to deny Munich's motion, the court finds that Munich's counterclaim should be allowed.

\*\*\*

Accordingly, it is ORDERED that:

(1) Defendant Munich Reinsurance America, Inc.'s motion for leave to amend (Doc. 45) is granted.

(2) Defendant Munich Reinsurance America, Inc. must file its amended answer on or before June 18, 2021. Plaintiff Alabama Municipal Insurance Corporation must answer defendant Munich Reinsurance America, Inc.'s counterclaim by July 2, 2021.

DONE, this the 11th day of June, 2021.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

---

after dispositive motions have been filed, briefed, and decided").