IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a non-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:20cv300-MHT (WO) |
| MUNICH REINSURANCE AMERICA, INC., a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

This case comes before the court on defendant Munich Reinsurance America, Inc.'s motion for leave to file a second amended answer and counterclaim. Plaintiff Alabama Municipal Insurance Corporation (AMIC) sued Munich regarding agreements, which the parties call "treaties," that Munich allegedly breached by failing to pay certain reinsurance billings. *See Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, --- F. Supp. 3d ----, 2021 WL 981495 (M.D. Ala. 2021) (Thompson, J.) (discussing case in more detail).

After filing an initial answer and motion to dismiss certain counts (which motion was granted), Munich moved for leave to file an amended answer and add a counterclaim for declaratory relief against AMIC regarding the parties' rights under the relevant treaties.  *See* Def.'s First Mot. for Leave to Amend (Doc. 45).  That motion was granted.  *See Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, 2021 WL 2392421 (M.D. Ala. 2021) (Thompson, J.).  Munich now moves for leave to file a second amended answer and add two counts for declaratory relief to its counterclaim.  *See* Def.'s Mot. (Doc. 51).  For the reasons discussed below, Munich's motion for leave to amend will be granted.

As stated in the prior opinion, amendments to pleadings are governed by Federal Rule of Civil Procedure 15.  Under Rule 15(a)(2), once the time to amend as a matter of course has expired, a party may amend only with the opposing party's written consent or

the court's leave. *See* Fed. R. Civ. P. 15(a)(2). As with its previous motion, Munich seeks the court's leave to amend. The decision whether to grant leave to amend a pleading is "committed to the sound discretion of the trial court," *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989), and Rule 15 urges that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). The Eleventh Circuit Court of Appeals has therefore "accepted a policy of liberal amendment." *United States for Use & Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 983 (11th Cir. 1987). However, a motion to amend may be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

3

The court finds, under Rule 15(a)(2), that "justice ... requires" granting Munich leave to amend its answer and counterclaim. AMIC's complaint, Munich's counterclaim, and Munich's proposed additions to its counterclaim raise a common question of the parties' rights and obligations under the reinsurance contracts, including AMIC's alleged litigation management and reporting responsibilities. Allowing the amendment will facilitate the efficient resolution of these claims.

AMIC argues that Munich unduly delayed in moving for leave to add these two additional counts to its counterclaim. *See* Pl.'s Resp. (Doc. 54) at 2–3. But AMIC fails to identify any delay that is *undue*. Munich filed its motion for leave to file a second amended answer and counterclaim prior to the deadline for amending pleadings, and discovery remains open for another eight months. *See* Uniform Scheduling Order (Doc. 44). Further, Munich asserts, and AMIC does not

4

contest, that Munich received the information underlying the added counts approximately two weeks before filing this motion. *See* Def.'s Mot. (Doc. 51) at 3-4; *see also* Pl.'s Resp. (Doc. 54) at 2-3. This was nearly one month after Munich filed its first motion for leave to amend its answer and add a counterclaim. This undermines any inference that Munich's omission of these counts from its first amended answer and counterclaim reflected gamesmanship or dilatory motive. The Eleventh Circuit has noted that "the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint," *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014) (quoting *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991)), and Munich's two-week delay at this stage in the proceedings is not comparable to cases in which the Eleventh Circuit has found undue delay, *see, e.g.*, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th

5

Cir. 1999) (finding undue delay where "motions for leave to amend were filed more than one year after discovery had ended, after dispositive motions had been filed, and between five-and-six years after the lawsuits were begun" and the facts upon which the new claims were based were available when the complaints were filed).

AMIC also argues that it would be unduly prejudiced by Munich's proposed amendments in light of the current discovery plan. *See* Pl.'s Resp. (Doc. 54) at 2–4. While the court will consider what discovery has already been conducted and what additional discovery may be required by additional pleadings, *see, e.g.*, *Carruthers v. BSA Advert., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming denial of motion for leave to amend where discovery had been completed and the proposed amendments would require additional discovery), AMIC has not shown what additional discovery would be necessary to address Munich's

6

proposed additions. Nor has AMIC explained why the existing discovery plan and the remaining eight months to conduct discovery would be inadequate.

Given Rule 15(a)'s liberal standard, the close relation between the proposed amendments and the facts already at issue in this case, and AMIC's failure to demonstrate a substantial reason to deny Munich's motion, the court finds that Munich's amendment should be allowed.*

\* \* \*

Accordingly, it is ORDERED that:

---

\* AMIC alternatively requests that the court order the parties to conduct a new Rule 26(f) conference and devise a new discovery plan. *See* Pl.'s Resp. (Doc. 54) at 4–5. To the extent AMIC seeks modification of the existing scheduling order, Federal Rule of Civil Procedure 16(b)(4) provides that, "A schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). At this time, AMIC has not concretely explained how it will not reasonably be able to meet the existing discovery schedule.

**(1)** Defendant Munich Reinsurance America, Inc.'s motion for leave to amend (Doc. 51) is granted.

**(2)** Defendant Munich Reinsurance America, Inc. is allowed to file its amended answer, etc., by no later than September 15, 2021.  Plaintiff Alabama Municipal Insurance Corporation is allowed to file its response by no later than September 29, 2021.

DONE, this the 8th day of September, 2021.

          _/s/ Myron H. Thompson_
          **UNITED STATES DISTRICT JUDGE**