IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **ALABAMA MUNICIPAL** | ) | |
| **INSURANCE CORPORATION, a** | ) | |
| **non-profit corporation,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:20cv300-MHT |
| | ) | (WO) |
| **MUNICH REINSURANCE** | ) | |
| **AMERICA, INC., a foreign** | ) | |
| **corporation,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

In reviewing the recent motion to amend the answer, the court became aware that the allegations of the plaintiffs' complaint are insufficient to invoke this court's diversity-of-citizenship jurisdiction. The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the

State where it has its principal place of business.  To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated *and* the State in which the corporation has its principal place of business.  *See American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).[1]  The plaintiffs' complaint fails to allege sufficiently the citizenship of corporate defendant Munich Reinsurance America, Inc., because it does not specify the State(s) in which it is incorporated, but merely states that it is a "foreign corporation."[2]  *See id*. (remanding for

---

1. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. The court recognizes that defendant Munich Reinsurance America, Inc., stated in its counterclaim that it is a Delaware corporation with its principal

repleading where complaint pled that parties were "foreign corporations").

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiffs have until September 28, 2021, to amend the complaint to allege § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise, this cause shall be dismissed without prejudice.

DONE, this the 14th day of September, 2021.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

place of business in New Jersey.  See Answer and Counterclaim (Doc. 50) at 38.  Nevertheless, the court wishes to avoid any future doubts or confusion as to the court's jurisdiction.