IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a non-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-cv-300-MHT-JTA |
| MUNICH REINSURANCE AMERICA, INC., a foreign corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

# **ORDER**

This cause is before the Court on Munich Reinsurance America, Inc.'s ("Defendant") motion to preclude Alabama Municipal Insurance Corporation ("Plaintiff") from presenting its evidence and witnesses to defend counterclaims. (Doc. No. 66.) Plaintiff filed a response (Doc. No. 69) to which Defendant submitted a reply (Doc. No. 70). On August 19, 2022, per the Court's directive, Defendant notified the Court that its motion is moot as to all counts of its counterclaim except counts five and six. (Doc. No. 131.) The Court held oral arguments on this motion on today. Hence, the motion is ripe for review.

For the reasons that follow, the Court finds that Defendant's motion is due to be DENIED.

## I.     BACKGROUND

On May 1, 2020, Plaintiff filed this action against Defendant asserting breaches of reinsurance agreements and bad faith. (Doc. No. 1.) The Court previously dismissed Plaintiff's allegations of bad faith. (Docs. No. 29, 30.) On June 18, 2021, Defendant filed a six-count counterclaim against Plaintiff seeking declaratory judgments related to the amounts it owes Plaintiff pursuant to the reinsurance agreements. (Doc. No. 61 at 54–60.)

On March 18, 2022, Defendant filed the instant motion claiming Plaintiff failed to timely supplement its initial disclosures under Federal Rule of Civil Procedure 26(a)(1) after Defendant asserted its counterclaims.[1] (Doc. No. 66 at 2.) Plaintiff's failure, according to Defendant, is a violation of Rule 26(e), which obligates parties to timely supplement discovery "if the party learns that in some material respect the [prior] disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A). Plaintiff responds that it supplemented its initial disclosures to Defendant on March 25, 2022, albeit months after Defendant asserted its counterclaims and a week after Defendant filed the instant motion. (Doc. No. 69.) Moreover, Plaintiff argues that even if its disclosures were untimely, this omission was harmless. (*Id.* at 4–6.) Finally, Plaintiff contends that Defendant violated the meet and confer procedures of the Federal Rules of

---

[1] There is some confusion as to whether Defendant is seeking Plaintiff's initial or supplemental disclosures. In its brief, Defendant argued, "[Plaintiff's initial disclosures were required to be supplemented to provide the information in Rule 26(a) regarding [Defendant's] counterclaims . . . ." (Doc. No. 66 at 5–6.) On the other hand, at oral argument, Defendant asserted that it was seeking Plaintiff's initial disclosures to Defendant's counterclaims. Plaintiff contends that it "made its initial disclosures on August 3, 2020. [Defendant's] request for supplemental initial disclosures apply only to its counterclaims from September 2021." (Doc. No. 69 at 2 n.1.) The Court relies on the arguments made in the briefs (Docs. No. 66, 69) and considers the disclosures at issue to be supplemental disclosures.

2

Civil Procedure and the Guidelines to Civil Discovery Practice in the Middle District of Alabama. (*Id.* at 7.)

Defendant replies that Plaintiff's supplemental disclosures are still deficient for counterclaim counts five and six. (Docs. No. 70, 131.) Additionally, Defendant maintains any detriment it has suffered because of Plaintiff's untimely or missing disclosures is not harmless. (Doc. No. 70.) Finally, Defendant retorts that Plaintiff relied on the incorrect Federal Rule of Civil Procedure in claiming that Defendant was required to certify that it met and conferred with Plaintiff before filing this motion for sanctions; however, Defendant concedes it was required to meet and confer with Plaintiff pursuant to the Middle District of Alabama's Guidelines to Civil Discovery. Defendant, nevertheless, opines that it complied with the Guidelines' dictates by discussing the matter during an on-the-record deposition on February 10, 2022.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 37(c) empowers courts to exclude evidence, among other remedies, when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c)(1). Rule 26(a)(1) commands parties to disclose certain preliminary information without a discovery request. Fed. R. Civ. P. 26(a)(1). Rule 26(e) then directs litigants to timely supplement those disclosures, along with other discovery responses, if a party learns its responses are incomplete or incorrect, as well as if the court orders a litigant to supplement its disclosures. Fed. R. Civ. P. 26(e).

The Middle District of Alabama's Guidelines to Civil Discovery, to the extent not inconsistent with the Federal Rules of Civil Procedure, also govern party conduct during

discovery. *See Guidelines to Civ. Discovery Prac. in the Middle District of Ala.* at 1 n.1. Section I(A) of the Guidelines requires litigants to meet and confer in person or via telephone or videoconference before seeking judicial intervention in discovery disputes. *Id.* at 1. The Guidelines require this as a matter of courtesy and to safeguard judicial resources. Indeed, the Guidelines provide, "discovery in this District is normally practiced with a spirit of civil courtesy and honesty. Local lawyers are justifiably proud of the courteous discovery practice, which has been traditionally followed in the Bar of the Middle District of Alabama." *Id.* The Guidelines continue, "The Federal Rules anticipate that discovery will proceed without intervention of the Court. This Court has found that many discovery disputes can be resolved informally if the parties will communicate prior to Court intervention." *Id.* The undersigned has previously stated, "The court declines to permit its discovery rules to be violated without any demonstration of the need to do so." *Gray v. Koch Foods, Inc.*, No. 2:17-cv-595-RAH-JTA, 2020 WL 12991564, at *3 (M.D. Ala. May 4, 2020) (citing *McDonald v. Cotton States Mut. Ins. Co.*, No. 1:13-cv-552-WKW-TFM, 2015 WL 1138026, at *7–8 (M.D. Ala. Mar. 13, 2015)).

### III.   DISCUSSION

Defendant plainly filed the instant motion without conferring with Plaintiff in a good faith attempt to avoid judicial intervention. Defendant submitted this motion on March 18, 2022. In it, Defendant outlined a timeline of its requests for Plaintiff to supplement its initial disclosures. Starting on January 20, 2022, Defendant sent four letters and had one extremely brief exchange with Plaintiff regarding supplementation of the initial disclosures. (Doc. No. 66 at 2.)

However, letters are not acceptable to satisfy the meet and confer requirement in the Guidelines because they are not conducive to a "meaningful exchange." *Guidelines to Civ. Discovery Prac. in the Middle District of Ala.* at 1. This is evident given Defendant's use of written correspondence to Plaintiff to make a threat of seeking judicial intervention rather than working in good faith to avoid filing this motion. On February 28, 2022, Defendant's counsel wrote to Plaintiff's counsel, "If we do not receive the disclosures and disclosure documents by March 7, 2022, we will have to seek court relief." (Doc. No. 66-5.) This ultimatum is not the "courteous discovery practice" or the "spirit of civil courtesy" envisioned by the Guidelines. *Guidelines to Civ. Discovery Prac. in the Middle District of Ala.* at 1. Accordingly, because none of Defendant's four letters satisfy the meet and confer requirement of the Guidelines, the only question is whether the parties' brief exchange at David Sikes' deposition comported with the Guidelines.

At Sikes' deposition on February 10, 2022, counsel for both parties very briefly spoke about Plaintiff's supplemental initial disclosures. Specifically, Defendant's counsel said, "And we need your initial disclosures for the counterclaims. We haven't gotten those either so --." To which, Plaintiff's counsel responded, "We'll work on both of those." (Doc. No. 66-3 at 4.) Again, Defendant filed the instant motion on March 18, 2022, which was well over a month after Sikes' deposition. Yet, Defendant relies on these two sentences as its "meaningful exchange" with Plaintiff. (Doc. No. 70 at 11.) This short conversation, if it can be called a conversation at all, about Plaintiff's supplemental disclosures is not a "meaningful exchange" or a good faith attempt to avoid filing a motion.

Defendant suggests that if this Court denies it relief for neglecting to meet and confer with Plaintiff before filing this motion that the Court "would allow any party to prevent another party from filing a discovery motion just by agreeing to provide everything at any in-person conference and then continuing to fail to do so." (*Id.*)  This is inaccurate. Defendant's counsel needed only to pick up the phone and call Plaintiff's counsel in the days before filing this motion to engage in a good faith discussion regarding Plaintiff's supplemental disclosures.  If that effort had failed, Defendant would have complied with the Guidelines and been permitted to proceed on this motion.  Instead, Defendant relied on threatening letters after Sikes' deposition.  This Court will not abide its rules being disregarded in the interests of expediency.  Defendant offers no significant reason for failing to comply with the Guidelines; rather, Defendant speciously claims it has complied with this Court's rules.  The undersigned disagrees.  Therefore, Defendant's motion is denied for failing to comply with the Guidelines to Civil Discovery in the Middle District of Alabama.  The Court need not, and does not, assess the substantive merits of the parties' arguments.

## IV.   CONCLUSION

Accordingly, it is hereby ORDERED that Defendant's motion (Doc. No. 66) is DENIED.

DONE this 22nd day of August, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE