IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a non-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:20cv300-MHT (WO) |
| MUNICH REINSURANCE AMERICA, INC., a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

AMENDED ORDER

The court having been informed that mediation was not successful, it is ORDERED that:

(1) This case is administratively reopened.

(2) The court will hear oral argument on defendant Munich Reinsurance America, Inc.'s motion for summary judgment (Doc. 86) only as the motion relates to count three of plaintiff Alabama Municipal Insurance Corporation's amended complaint (Doc. 64) (the "Fairhope" claim for breach of contract) on May 20,

2024, at 9:00 a.m., by Zoom conference.* The courtroom deputy is to make appropriate arrangements.

(3) No later than 14 business days before oral argument, counsel for both parties are to file new briefs that address in full the Fairhope claim, including repeating arguments made in earlier filings.

DONE, this the 19th day of March, 2024.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

---

* The court's prior order stated that oral argument would also address count four of the amended complaint, in which AMIC asserted a claim for bad faith refusal to pay based on the Fairhope allegations. However, the court was informed orally that counts four, six, and eight of the complaint, all of which sought recovery based on an alleged bad faith refusal to pay, were dismissed in 2021. *See Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, 526 F. Supp. 3d 1133, 1135 (M.D. Ala. 2021); *see also* Order (Doc. 30) at 1. Although the amended complaint reintroduces those dismissed counts, they are not included in the pretrial order. *See* Pretrial Order (Doc. 168) at 3-7. Under Federal Rule of Civil Procedure 16, "the pretrial order is treated as superseding the pleadings." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522 (3d ed. 2023 update); *see also Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987) ("When an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings ... [because] the pretrial order is the controlling document for the trial.").