IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ALABAMA MUNICIPAL INSURANCE CORPORATION, a non-profit corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:20cv300-MHT (WO) |
| MUNICH REINSURANCE AMERICA, INC., a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

OPINION ON SEVERANCE

Plaintiff Alabama Municipal Insurance Corporation (AMIC) filed this lawsuit against its reinsurer, defendant Munich Reinsurance America, Inc., asserting five claims for breach of contract and three claims for bad-faith refusal to pay. Munich filed six counterclaims against AMIC. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).

The court has dismissed AMIC's claims for bad-faith refusal to pay. *See Alabama Mun. Ins. Corp. v. Munich Reinsurance Am., Inc.*, 526 F. Supp. 3d 1133 (M.D. Ala.

2021) (Thompson, J.) (concluding that Alabama law does not extend the tort of bad faith to the reinsurance context). Munich has moved for summary judgment on the eleven remaining claims. The court has now ruled on four of AMIC's breach-of-contract claims.

During an on-the-record hearing on May 20, 2024, the court raised the prospect of severing the parties' claims into separate cases. Neither party indicated that it would oppose severance. Per this court's order, the parties conferred and submitted proposals regarding severance. Although the parties' proposals differ, both sides reiterated that they would not oppose severance if the court deemed it appropriate.

The court has considered the parties' proposals and concludes that the unresolved claims should be severed into separate cases for each of AMIC's insureds.* This

---

* The exception is that Munich's Counts IV, V, and VI each address several of AMIC's insureds. Neither party has asked the court to split any individual claim into multiple cases. Moreover, severing the claims too finely can undermine the goal of streamlining this litigation.

2

way, claims with similar facts and the same underlying litigation will be considered together. For administrative reasons, and for purposes of entering final judgment, the court will not separate the claims for bad-faith refusal to pay from the breach-of-contract claims pertaining to the same insured. However, neither this opinion nor any of the severance orders that will follow should be read to rescind the opinion and judgment dismissing those claims.

The court will therefore sever the following claims and treat them going forward as if they had been filed as separate actions:

(1) The Hanceville claims for breach of contract (AMIC's Count V) and bad-faith refusal to pay (AMIC's Count VI).

(2) The Childersburg claims for breach of contract (AMIC's Count VII) and bad-faith refusal to pay (AMIC's Count VIII).

(3) The Clanton counterclaims (Munich's Counts I,

II, and III).

(4) The JCS counterclaim (Munich's Count IV).

(5) The Homewood, Warrior, and Dothan counterclaim (Munich's Count V).

(6) The Argo and Center Point counterclaim (Munich's Count VI).

An appropriate judgment on the remaining claims--the Woodland breach-of-contract claim (AMIC's Count I), the Spanish Fort breach-of-contract claim (AMIC's Count II), the Fairhope breach-of-contract claim (AMIC's Count III), and the Fairhope claim for bad-faith refusal to pay (AMIC's Count IV)--will be entered.

DONE, this the 12th day of July, 2024.

                    /s/ Myron H. Thompson
                    **UNITED STATES DISTRICT JUDGE**